# EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### EVANSVILLE DIVISION

| | |
|---|---|
| LAURA E. HAWKINS, individually and on behalf of others similarly situated, MANUEL MOTTA, CHARLOTTE HART (fka "Charlotte Goolsby"), ROBERT SLUMAN, JR., KELLY D. ISHAM, TROY LEE COLVIN, BRYANT STEPP, and CARL MORRISON II,<br><br>    Plaintiffs<br><br>vs.<br><br>ONSITE OCCUPATIONAL HEALTH AND SAFETY INC.,<br><br>    Defendant | **CLASS ACTION COMPLAINT**<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 USC § 216(b)**<br><br>CAUSE NO. 3:14-cv-91-RLY-WGH |

### JUDGMENT DISMISSING WITH PREJUDICE DEFENDANTS ONSITE OCCUPATIONAL HEALTH AND SAFETY INC.

In accordance with, and for the reasons set forth in the Final Settlement Approval Order entered on _____, 2016, all claims against Onsite Occupational Health and Safety Inc. and its parents, subsidiaries, affiliates, predecessors, and successors are dismissed with prejudice as to the Class Representatives and as to all Class Members pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: _____

                                                    Hon. Richard L. Young
                                                    United States District Court Judge
                                                    United States District Court
                                                    Southern District of Indiana

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| LAURA E. HAWKINS, individually and on behalf of others similarly situated, MANUEL MOTTA, CHARLOTTE HART (fka "Charlotte Goolsby"), ROBERT SLUMAN, JR., KELLY D. ISHAM, TROY LEE COLVIN, BRYANT STEPP, and CARL MORRISON II, <br><br> Plaintiffs <br><br> vs. <br><br> ONSITE OCCUPATIONAL HEALTH AND SAFETY INC., <br><br> Defendant | **CLASS ACTION COMPLAINT** <br><br> **COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 USC § 216(b)** <br><br> CAUSE NO. 3:14-cv-91-RLY-WGH |

**FINAL ORDER APPROVING PROPOSED SETTLEMENT**

The Court having reviewed and considered the Motion for Final Approval of Settlement dated _____, 2016 and having reviewed and considered the terms and conditions of the proposed settlement (the "Settlement") as set forth in the Settlement Agreement dated December 31, 2015 (the "Settlement Agreement"), a copy of which has been submitted to the Court, and the Court having held a Settlement Hearing at which all interested persons were afforded an opportunity to be heard, after being satisfied that notice to the Class had been provided in accordance with the Court's Order Preliminarily Approving Proposed Settlement entered on _____, 2016 (the "Preliminary Approval Order"), and the Court having taken into account the objections, if any, submitted prior to the Settlement Hearing in accordance with the provisions of the Preliminary Approval Order and the presentations and

other proceedings at the Settlement Hearing, and having considered the Settlement in the context of this litigation, the Court makes the following FINDINGS:

  A. The Court has jurisdiction over the subject matter of this Action, pursuant to 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1367(a), and all acts within this Action, and over all the parties to this Action, and all Class Members.

  B. Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

  C. Notice to Class Members has been provided in accordance with the notice requirements specified by the Court in the Preliminary Settlement Approval Order. Such notice: (i) constituted the best notice to Class Members that was practicable under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of their right to object and to appear at the Settlement Hearing and the binding effect of a class judgment; (iii) was reasonable and constituted due, adequate and sufficient notice to Persons entitled to be provided with notice; and (iv) fully complied with the requirements of due process and the Federal Rules of Civil Procedure.

  D. Defendants have complied with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

  E. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the Settlement, has been advised of all objections to the Settlement and has given fair consideration to such objections.

  F. The Settlement is the product of good faith, arm's length negotiations between Class Representatives and Class Counsel, on the one hand, and Onsite Occupational Health and Safety Inc., on the other hand.

  G. The Settlement, as provided for in the Settlement Agreement, is in all respects fair,

reasonable, adequate and proper and in the best interest of the Class. In reaching this conclusion, the Court has considered a number of factors, including: (i) an assessment of the likelihood that the Class Representatives and/or the Class would prevail at trial; (ii) the range of possible recovery available to Plaintiffs as a result of such a trial; (iii) the consideration provided to Class Members pursuant to the Settlement, as compared to the range of possible recovery discounted for the inherent risks of litigation; (iv) the complexity, expense and possible duration of such litigation in the absence of a settlement; (v) the nature and extent of any objections to the Settlement; and (vi) the stage of proceedings at which the Settlement was reached; (vii) the financial risks associated with the continuation of this litigation.

On the basis of the foregoing findings and the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED:

Approval of Settlement

1. The Settlement and the Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class, and the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure have been satisfied. The objections to the Settlement and the Settlement Agreement are overruled and denied in all respects.

2. The Court concludes that Class Counsel and Class Representatives have fairly and adequately represented the Class with respect to the Settlement and the Settlement Agreement.

Release and Injunctions Against Released Claims

3. As of the Effective Date, the "Released Parties," which shall include Onsite Occupational Health and Safety Inc. and Halfrack Holdings, Inc. and each of their past, present, and future successors, predecessors, parents, related organizations, subsidiaries, divisions, departments, or affiliates, and any of their past, present, and future officers, directors, stockholders, partners, agents, attorneys, servants, subrogees, insurers, employees, representatives, assigns, consultants, principals, and advisors, shall be released and forever discharged of any claim, liability, right, demand, suit, obligation, damage, including consequential damages, losses or costs, punitive

3

damages, attorneys' fees and costs, actions or causes of action, of every kind or description that the Plaintiffs have, had, or may have against the Released Parties, whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, accrued or which may hereafter accrue, regardless of the legal or equitable theory and the type of relief or damages claimed, based upon, arising out of, or related in any way to Onsite's employment of and payment of wages to its employees in Afghanistan including but not limited to any claims that were or could have been asserted in the Action. *Provided, however*, that the foregoing release does not include any claims, rights or causes of action or liabilities related to the enforcement of the Settlement, including, without limitation, any of the terms of the Settlement Agreement or orders or judgments issued by the courts in connection with the Settlement, or any health-related claims of an insured arising out of the insurance coverage of any Class Member.

4. As of the Effective Date, the Defendants absolutely and unconditionally release and discharge each of the Class Representatives and their counsel and each of their experts from any and all claims and all liabilities of any kind (including any and all attorneys' fees and other costs incurred in defending against such claims), relating to the institution and prosecution and settlement of the Action and any claims made therein. This release does not include all claims, rights or causes of action or liabilities whatsoever related to the enforcement of the Settlement, including, without limitation, any of the terms of the Settlement Agreement or orders or judgments issued by the courts in connection with the Settlement.

5. "Unknown Claims" means any and all Released Claims that any of the Plaintiffs does not know or suspect to exist in his, her, or its favor as of the Effective Date and which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs shall have waived any and all provisions, rights and benefits conferred by any law of any state of the United States, the law of the Islamic Republic of Afghanistan or any other principle of common law or otherwise. Class Representatives and Class Counsel acknowledge, and each Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of

"Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

6. The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts, and agrees that this Agreement shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief and knowledge and that each Party does not rely on inducements, promises or representations made by anyone other than those embodied herein.

Other Provisions

7. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Representatives, Class Counsel, Class Members, Defendants, or any other Person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in this Action are or are not meritorious, and this Order, the Settlement Agreement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature; *provided, however,* that the Settlement Agreement, this Order and the Judgment to be entered thereon may be filed in any action by any Party or Released Party seeking to enforce the Settlement Agreement or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The terms of the Settlement Agreement and of this Order and the Judgment shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings that are subject to the Release that is set forth in paragraphs 3 and 4 of this Order that are maintained by, or on behalf of, the Releasing Parties or any other Person subject to those provisions of this

Order.

8.     In the event that the Effective Date cannot occur, or the Settlement Agreement is canceled or terminated in accordance with the terms and provisions of the Settlement Agreement, then the Gross Settlement Fund (less any applicable deductions required by the Settlement Agreement) shall be returned to Defendants in accordance with the terms of the Settlement Agreement, and this Order and the Judgment shall be rendered null and void and be vacated, and all orders entered in connection therewith by this Court shall be rendered null and void.

9.     Without further notice of the Court, counsel for Defendants and Class Counsel may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

Entry of Judgment; Continuing Jurisdiction

10.    Pursuant to the separate Judgment Dismissing With Prejudice Defendants Onsite Occupational Health & Safety, Inc. and Halfrack Holdings, Inc. to be entered by the Court, all of the claims asserted in this lawsuit by the Class Representatives, individually and on behalf of the Class, are dismissed with prejudice, each party to bear its own costs.

11.    Without in any way affecting the finality of this Order and the Judgment, the administration and consummation of the Settlement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Order.

12.    This Order is binding upon the Plaintiffs, the Class, and the Defendants. The Agreement shall be consummated in accordance with the terms and conditions of the Agreement. The parties are directed to carry out their obligations under the Agreement.

13.    The Court shall enter additional Orders relating to (a) the Plan of Allocation and (b) the application for award of fees and expenses submitted by Class Counsel and the Class Representatives' Case Contribution Compensation, respectively.

DONE AND ORDERED after a hearing in open court at the United States District Courthouse in Evansville, Indiana, on _____, and signed this \_\_\_\_day of _____, 2016.

_____
Hon. Richard L. Young
United States District Judge